UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| IRENE D. WARD,   ) | Case No. EDCV 04-01361-MLG |
| ) | |
| Plaintiff,   ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v.   ) | |
| ) | |
| JO ANNE B. BARNHART,   ) | |
| Commissioner of the   ) | |
| Social Security   ) | |
| Administration,   ) | |
| ) | |
| Defendant.   ) | |

## I.   Background

Irene D. Ward filed her application for Social Security Disability Insurance Benefits on March 14, 2002, alleging that she had become disabled and unable to work on February 11, 2002 due to breast cancer, cancer surgery, and chemotherapy.[1] (Administrative Record ("AR") at 12, 14, 189-91). Her application was denied initially and upon

---

[1] Plaintiff had previously filed an application for disability benefits in July 1994, which was denied at the initial level of review on November 9, 1994. It was not pursued any further. (AR at 12.)

reconsideration. (AR at 12). She timely filed a request for a *de novo* hearing, which was held on May 7, 2003, before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr.. (AR at 184-203). At the hearing, Plaintiff was represented by attorney Bill LaTour, who amended the application to request for a closed period of disability from May 22, 2000 through June 2001.[2] (AR at 186-87).

Plaintiff was born on January 2, 1957, and was forty-six years old at the time of the administrative hearing. (AR at 13, 15.) Plaintiff has a high school education plus two years of college. (AR at 13.) She has relevant work experience as a certified nursing assistant. (*Id.*)

Plaintiff and a vocational expert ("VE"), Corinne Porter, testified at the hearing. Plaintiff testified that she was disabled due to breast cancer, cancer surgery, and chemotherapy. (AR at 189-91). She claimed to suffer from severe migraines, nausea, weakness, exhaustion, and weight loss as a result of the cancer and treatment. (AR at 196-99). The VE testified that Plaintiff could not perform her past work as a certified nursing assistant during the period from February 2000 to June 2001. (AR at 201). Based upon the ALJ's finding that Plaintiff possessed the residual functional capacity ("RFC") to perform sedentary work during the relevant time period, the VE stated that Plaintiff could have worked as an assembler or as a charge account clerk. (AR at 202).

On May 23, 2003, the ALJ issued a decision unfavorable to Plaintiff. (AR at 12-18). The ALJ found that during the relevant time period, Plaintiff suffered from the severe impairments of breast cancer and headaches. (AR at 14). The ALJ further found that Plaintiff had the

---

[2] The relevant time period varies in the decision and at the hearing but it is apparent that the ALJ considered the correct time period from February 2000 through June 2001

residual functional capacity for sedentary work.[3]  The ALJ determined that Plaintiff was not capable of performing her past relevant work during the time period in issue, but that Plaintiff was capable of making a vocational adjustment to other work as described by the vocational expert. (AR at 15-16).

Plaintiff timely filed a Request for Review of the Hearing Decision on June 13, 2003 (AR at 8), which was denied on September 7, 2004. (AR at 3-5). Plaintiff commenced this action for judicial review on November 3, 2004. On September 19, 2005, the parties filed a Joint Stipulation of disputed issues. Plaintiff seeks judicial review of the ALJ's final decision denying her application for Social Security Disability Insurance benefits under Title II of the Social Security Act. 42 U.S.C. § 216(i) and 223. For the reasons stated below, the ALJ's decision shall be affirmed.

## II.  Plaintiff's Claims

Plaintiff asserts the following claims: (1) the ALJ improperly rejected Plaintiff's credibility, and (2) the ALJ failed to adequately consider the significant side effects of Plaintiff's medications. (Joint Stipulation ("JS") at 3). Plaintiff seeks reversal of the Commissioner's decision and remand for an award of benefits or a new hearing. (JS at 8). Defendant requests that the ALJ's decision be affirmed. (JS at 9).

---

[3] "[T]he claimant retained the residual functional capacity to lift and or carry 10 pounds occasionally and frequently. She could stand and/or walk 2 hours in an 8-hour workday with normal breaks and sit 6 hours in an 8-hour workday with normal breaks. She could perform simple, repetitions tasks but could not work in exposure to unprotected heights or around dangerous machinery."
(AR at 15).

**III. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision denying benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-21.

**IV. Discussion**

**A.   The ALJ Did Not Improperly Reject Plaintiff's Credibility.**

Plaintiff asserts that the ALJ improperly rejected the credibility of her testimony. (JS at 3-4). Once a claimant has produced objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of pain, in the absence of any evidence of malingering, the ALJ may reject subjective testimony only by offering specific clear and convincing reasons for doing so. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)). If the ALJ finds that a

claimant's testimony regarding the degree of pain and limitations is unreliable, the ALJ must "specifically identify what testimony is credible and what testimony undermines the claimant's complaints." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Resolving conflicts in the testimony and determining questions of credibility are functions solely of the Commissioner. *Id.*

Here, the ALJ offered specific reasons for rejecting Plaintiff's testimony, including inconsistencies in alleged dates of disability. (AR at 14.)   The ALJ stated:

> "[t]he claimant's testimony is found to be generally unreliable. In her application for benefits, she alleged that she became disabled on February 11, 2002 (Exh. 2E2-3). In her work history report, she indicated that she worked from April 2000 to December 2001; March 2001 to September 2001; and November 2001 to February 2002 (Exh. 3E1). She stated that she stopped working in February 2002 because she was discharged from her job (Exh. 2E2).  At the administrative hearing, the claimant gave completely different dates and requested a closed period of disability from February 2000 to June 2001.  A review of the claimant's Social Security earnings record appears more consistent with the information provided at the time of application than that at the administrative hearing testimony (Exhs. 2D, 3D)."

(*Id.*) The Court finds that the ALJ did not summarily reject Plaintiff's credibility, but rather provided clear and convincing reasons for rejecting her testimony.  These reasons are supported by substantial evidence in the record.  No relief is warranted on this claim.

**B.   The ALJ Did Not Err in Failing to Discuss the Side Effects of Plaintiff's Use of Prozac**

Plaintiff also contends that the ALJ did not properly consider the side effects of her medication. (JS at 6-7). Specifically, Plaintiff claims that the Prozac she takes causes her to be "lethargic." (JS at 6). Plaintiff did not raise this claim in her application for benefits or at the hearing, however.[4] Rather, in support of this argument, Plaintiff relies on a state agency form, buried in the administrative record, dated March 12, 2002, in which she listed her medications. (AR at 65, 68). The form simply contains a list of medications and Plaintiff's subjective statement of the side effects that they cause.[5] The court finds that the ALJ did not err in failing to notice or discuss this evidence.

It is well settled that in assessing credibility, "[t]he ALJ must consider *all* factors that might have a 'significant impact on an individual's ability to work.'" *Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993)(quoting *Varney v. Secretary of Health & Human Services*, 846 F.2d 581, 585 (9th Cir. 1987), *relief modified*, 859 F.2d 1396 (1988)). Such factors "may include side effects of medications as well

---

[4] Counsel of record for Plaintiff, Bill LaTour, who represented Plaintiff throughout the administrative proceedings, does not explain why he did nothing to raise this issue before the ALJ. While an ALJ does have a duty to develop the record, counsel for a claimant, particularly one who regularly practices in this area of the law, has a responsibility to the claimant also. As this Court has previously stated, counsel should not be permitted to sandbag the ALJ at the administrative level by failing to raise claims and to present readily available evidence and then raise those claims and that evidence before the district court in seeking reversal.

[5] Plaintiff did complain of extreme fatigue and exhaustion in this form. (AR at 60). She claimed that these conditions first bothered her on January 25, 2002 and became unable to work on February 11, 2002 as a result of these conditions in combination with other conditions. (*Id.*)

as subjective evidence of pain." *Erickson*, 9 F.3d at 818; *Varney*, 846 F.3d at 585 ("[S]ide effects can be a 'highly idiosyncratic phenomenon' and a claimant's testimony as to their limiting effects should not be trivialized.")(citation omitted).

Here, however, the ALJ did not have a duty to evaluate a claim that Plaintiff did not present and that was not apparent from the medical records. The Court recognizes that the ALJ does have a duty to develop the record and interpret the medical evidence in making a determination of disability. *See Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996). In so doing, the ALJ must consider the "combined effect" of all the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. 20 C.F.R. § 416.923. However, in interpreting the evidence and developing the record, the ALJ does not need to "discuss every piece of evidence." *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *see also Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Here, Plaintiff never identified significant side effects of Prozac as a basis for her claim of disability. Instead, Plaintiff complained about problems resulting from cancer, chemotherapy, and surgery. (See AR at 189-91.) Moreover, the record demonstrates that she never mentioned side effects of Prozac to a physician.[6] Finally, it is not clear from the record that Plaintiff used Prozac during the relevant time period. The disability report in which she notes the use of Prozac was prepared on March 12, 2002. Plaintiff was not taking Prozac on April 19, 2002. (AR at 87). The closed period of disability for which benefits are sought ended in June 2001. Plaintiff has failed to

---

[6] Plaintiff did complain of the side effects of chemotherapy. (*See* AR at 91.)

establish the existence of any objective medical evidence that would demonstrate that the side effects of Prozac had any impact on her ability to work during the relevant time period.  Thus, the ALJ did not err in failing to discuss the side effects of Prozac.

**V.    CONCLUSION**

For the reasons stated above, it is **ORDERED** that the decision of the Commissioner be affirmed and this case is dismissed with prejudice.

DATED: October 13, 2005                              /S/

_____
MARC L. GOLDMAN
United States Magistrate Judge